IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEVORAN ELLIS,

      Appellant,

v.                                                                          Case No.  5D16-4326

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 14, 2017

3.850 Appeal from the Circuit
Court for Orange County,
Heather L. Higbee, Judge.

Devoran Ellis, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Devoran Ellis appeals the summary denial of his amended motion for

postconviction relief under Florida Rule of Criminal Procedure 3.850.  We reverse only as

to Ground Two.  The order under review is affirmed in all other respects.

      After a jury trial, Ellis was convicted of resisting an officer with violence, battery on

a law enforcement officer, and depriving an officer of a means of protection or

communication. In his postconviction motion, Ellis alleged that traffic cameras covered the scenes of his crimes, and trial counsel failed to obtain videotapes from those cameras, notwithstanding Ellis's request to do so. Ellis further alleged that the videotapes would have established that he did not commit the charged crimes, but rather that he was physically attacked without cause by the police officer in question. Ellis's allegations are sufficient to state a claim for ineffective assistance of counsel. *See Freeman v. State*, 616 So. 2d 181 (Fla. 2d DCA 1993) (holding that counsel's alleged failure to present videotape evidence, which allegedly would have established defendant's innocence, constituted facially sufficient postconviction claim).

On remand, the trial court shall either hold an evidentiary hearing or attach records that conclusively refute Ellis's claim.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


PALMER, EVANDER and BERGER, JJ., concur.